David J. McGlothlin, Esq. (SBN: 026059)
david@westcoastlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Phone: (602) 265-3332
Fax:    (602) 230-4482

Attorneys for the Plaintiff
Carlie McChesney

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| Carlie McChesney, | Case No: |
| --- | --- |
| Plaintiff, | **Complaint For Damages** |
| v. | **Jury Trial Demanded** |
| LVNV Funding LLC and Resurgent Capital Services, L.P., | |
| Defendant. | |

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The United States Congress has also found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

3. Carlie McChesney, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of LVNV Funding LLC ("LVNV") and Resurgent Capital Services, L.P. ("Resurgent") (jointly as "Defendants"), with regard to to erroneous reports of derogatory and negative credit information made by Defendant LVNV to national reporting agencies, and for failure of Defendants to properly investigate, and attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for any supplemental state claims.

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA").

9. Because Defendants do business within the State of Arizona, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

11. Plaintiff is a natural person who resides in the City of Scottsdale, County of Maricopa, State of Arizona.

12. Defendants are located in the City of Greenville, County of Greenville, State of South Carolina.

13. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Plaintiff is also a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

15. Defendants are a person who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

16. Defendant LVNV is also a furnisher of information as contemplated by 15 U.S.C. 1681s-2(b), that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

**FACTUAL ALLEGATIONS**

17. At all times relevant to this matter, Plaintiff was an individual residing within the State of Arizona.

18. At all times relevant, Defendants conducted business within the State of Arizona.

19. On or about August 2, 2004, Plaintiff purchased her home located at 6418 E. Betty Elyse Lane, Scottsdale, AZ 85254-2009 ("Plaintiff's residence").

20. At this time Plaintiff had a second mortgage on the Plaintiff's residence with JP Morgan Chase Bank, NA ("Chase").

21. On or about March 31, 2005 Plaintiff refinanced the second mortgage on Plaintiff's residence with Chase.

22. On or about January 4, 2006 Plaintiff again refinanced this secondary interest on Plaintiff's residence in the form of a Home Equity Line of Credit ("HELOC") with a principle balance of $250,000.

23. Plaintiff's residence was on property less than 2 1/2 acres and was utilized as a family dwelling.

24. At some point after September 2007, Plaintiff was unable to make any further payment on the HELOC.

25. On or about December 3, 2007, Chase filed a Notice of Trustee Sale regarding Plaintiff's residence in an attempt to collect the amount owed on the HELOC.

26. On or about March 8, 2008 a trustee sale was executed on Plaintiff's residence.

27. Chase failed within 90 days to file an action to recover a deficiency judgment against Plaintiff, pursuant to ARS 33-814.

28. Plaintiff is informed and believes and there upon alleges that Defendants obtained Plaintiff's account after default.

29. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

30. Subsequently, March 8, 2008 trustee sale, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

31. Plaintiff disputes a debt is owed.

32. According to Arizona law, specifically ARS 33-814, the debt allegedly owed to Defendant was extinguished when Chase failed to file an action to recover a deficiency judgment within 90 days of the trustee sale.

33. In July 2013, Defendant Resurgent began collecting on the alleged debt related to Plaintiff's residence on behalf of Defendant LVNV.

34. Plaintiff is informed and believes and thereon alleges that Defendant Resurgent was acting as an agent of Defendant LVNV; Therefore, Defendant LVNV can be held responsible and is vicariously liable for the conduct of Defendant Resurgent and vice versa.

35. On or about July 19, 2013, Defendant Resurgent sent a dunning letter to Plaintiff demanding $139,439.14.

36. This statement by Defendants were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, these actions by Defendants violated 15 U.S.C. §§ 1692e and 1692e(10).

37. Through this conduct, Defendants made a false representation concerning the character, amount, or legal status of a debt.  Consequently, Defendants violated 15 U.S.C. § 1692e(2)(A).

38. These statements also represented the threat to take action that Defendants could not legally take or that Defendants did not intend to take, and violated 15 U.S.C. § 1692e(5).

39. This action by Defendants was an attempt to collect an amount not owed, not authorized by the agreement, nor permitted by law and it therefore violated 15 U.S.C. § 1692f(1).

40. Plaintiff subsequently learned that Defendant LVNV had incorrectly reported the alleged debt on her credit reports, thereby causing erroneous and negative credit information in Plaintiff's credit files.

41. Specifically, Defendant LVNV had reported the second mortgage to all three credit reporting agencies ("CRAs"), with a balance owed, as well as reported that the account was past due.

42. On or about July 23, 2013, Plaintiff disputed the accounts pursuant to 15 U.S.C. § 1681i(a)(2) by notifying all three credit report agencies, in writing, disputing the validity of the debt.

43. Subsequently Plaintiff received notification from CRA Experian that Defendant LVNV received notice of Plaintiffs' dispute pursuant to 15 U.SC. § 1681i(a)(6), and updated and verified the account as being reported accurately on Plaintiff's credit report. Defendant LVNV had reported the alleged debt to CRA Experian with a balance owed on the second mortgage of $140,379 as of August 2013.

44. Throughout the months of May 2013 through October 2013, Plaintiff has spoken and emailed Defendants' agents numerous times to explain why the debt is not owed, including but not limited to communications with Defendants' employees/agents Tiffany Powers, Lillian Garcia, Lynelle Rollins, Mindy Capathy, Phyllis Wallace, Andy Wolf, and Shay Workman.

HYDE & SWIGART
Phoenix, Arizona

45. Plaintiff believes that Defendant LVNV, upon receiving notice of their alleged dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A).

46. Plaintiff believes further believe that Defendant LVNV failed to review all relevant information provided by Plaintiff in her dispute to CRAs and the information provided directly to Defendants as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

47. Due to Defendant LVNV's failure to investigate, Defendant LVNV further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing Defendant LVNV to report inaccurate information to the pertinent credit reporting agencies in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

48. Plaintiff's continued efforts to correct Defendant LVNV's erroneous and negative reporting of the alleged debt by continued communications and disputes with Defendant LVNV and the pertinent CRAs was fruitless.

49. Defendant LVNV's continued inaccurate and negative reporting of the alleged debt in light of its knowledge of the actual error was willful.

50. Defendant LVNV's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

51. By inaccurately reporting the alleged debt after notice and confirmation of its errors, Defendant LVNV failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

52. By reporting the alleged debt on Plaintiff's credit report, and by still insisting to Plaintiff that the alleged debt was still valid and due, Defendant LVNV was attempting to collect the alleged debt.

53. These statements by Defendant LVNV were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.

1   As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and
2   1692e(10).
3   54. Through this conduct, Defendant LVNV made a false representation
4   concerning the character, amount, or legal status of a debt. Consequently,
5   Defendant violated 15 U.S.C. § 1692e(2)(A).
6   55. These statements also represented the threat to take action that Defendant
7   LVNV could not legally take or that Defendant LVNV did not intend to take,
8   and violated 15 U.S.C. § 1692e(5).
9   56. This action by Defendant LVNV was an attempt to collect an amount not
10  owed, not authorized by the agreement, nor permitted by law and it therefore
11  violated 15 U.S.C. § 1692f(1).
12  57. Due to Defendants' conduct Plaintiff may not be able to complete a home
13  purchase that she is currently in the process of buying. If this sale falls
14  through Plaintiff will lose an earnest money deposit of $25,000. Plaintiff will
15  suffer significant other actual damages if this purchase is jeopardized by
16  Defendants' conduct.
17  58. Due to Defendants' conduct, Plaintiff has suffered significant actual damages
18  including mental anguish and emotional distress type damages that have
19  manifested in symptoms including but not limited to: sleeplessness,
20  nervousness, restlessness, irritability, headaches, digestive disorders, all
21  impacting personal relationships and her job.

### CAUSES OF ACTION
### COUNT I
### AGAINST DEFENDANT LVNV
### FAIR CREDIT REPORTING ACT (FCRA)
### 15 U.S.C. §§ 1681 ET SEQ.

59. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

60. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

61. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant LVNV.

62. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant LVNV.

## COUNT II

### AGAINST ALL DEFENDANTS

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

65. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

**COUNT I**

**FAIR CREDIT REPORTING ACT (FCRA)**

**15 U.S.C. §§ 1681 ET SEQ.**

66. An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

67. An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

68. An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and

69. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA.

**COUNT II**

**FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692 ET SEQ.**

70. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

71. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each Defendant;

72. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

**TRIAL BY JURY**

73. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: October 23, 2013        **Hyde & Swigart**

By: */s/ David J. McGlothlin*
David J. McGlothlin
Attorney for the Plaintiff